UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

COMBAT ZONE CORP.,

        Plaintiff,

  -against-                                        12 Civ. 4133 (CM)

DOES 1-34,

        Defendant.

---------------------------------------------------------x

McMahon, J.:

      Plaintiff has filed an action suing 34 John Doe defendants, alleging that they traded plaintiff's copyrighted work using peer-to-peer software without authorization, and that all of them reside within this district. I declined to authorize plaintiff to take discovery prior to serving the John Doe defendants and ordered plaintiff to show cause why these defendants should be joined in a single action, in view of this court's opinion in *Digital Sin, Inc., v. John Does 1-245* (No. 11Civ. 8170).

      I now have plaintiff's counsel's response. I will address his arguments seriatim.

      First, counsel argues that I should permit these defendants to be joined because I have been inconsistent on this issue, citing a 2008 case involving the recording industry and a 2010 case involving the publishing industry. To which I say, with Justice Holmes, that a foolish consistency is the hobgoblin of little minds. Counsel suggests that the earlier cases were incorrect; I might well conclude the same if confronted with them today, armed with considerably more knowledge and precedent than was before me back in 2008 and 2010. Plaintiff's counsel should take no comfort from any preliminary order issued in an earlier case.

      Second, plaintiff calls my attention to the fact that my colleagues Judges Forrest and Nathan have reached a different conclusion in "swarm" cases like this one brought by his office. I acknowledged as much in *Digital Sin*. I respectfully disagreed with my learned colleagues then and I continue to do so now, having concluded that other precedents were more persuasive in light of the Second Circuit's holding – never overturned, despite advances in technology -- that permissive joinder is not authorized when a large number of people use the same method to violate the law. *See Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty*, 497 F. 2d 1151, 1154 (2d Cir. 1974). Accessing a single swarm at different periods of time to download a movie for one's personal use on one's personal computer appears to me to fall within that rule.

Third, counsel has not satisfied the court that all 34 John Doe defendants are amenable to suit within this district. Counsel says, "Plaintiff has listed only John Does *who are believed* to be within the District of this Court," based on geolocation data that he admits "are not 100% reliable." (Pl. Response to Order to Show Cause at 3). But this court already knows, from *Digital Sin*, that there are serious problems with plaintiff's approach to in personam jurisdiction. In *Digital Sin*, I allowed plaintiff to proceed against John Doe 1 (after severing the other 246 John Does), *only to have plaintiff's counsel file a discontinuance in short order; the cited ground was that plaintiff had learned that John Doe 1 – his geolocation data notwithstanding – was not a New York resident and was not amenable to suit in the Southern District of New York*! I commend counsel for his candor in admitting the want of jurisdiction once it was uncovered, but he makes my point: the amenability of these defendants to suit in this district is suspect.

I hereby sever John Does 2-34 from this action and dismiss as against them without prejudice. Plaintiff is free to proceed against John Doe 1, and may have permission to take pre-service discovery, under the protocols set forth by Judge Nathan in her opinion in *Digital Sin, Inc., v. Does 1-176* (S.D.N.Y. Jan. 30, 2012), rather than the protocols set forth in my earlier opinion.

Dated: June 18, 2012

_____
U.S.D.J.

BY ECF TO COUNSEL